No. 3479

Second Circuit

GANEY v. COCKERHAM
(COCKERHAM, INTERVENER)

(July 1, 1929.  Opinion and Decree.)

A. D. Flowers, of Jena, attorney for plaintiff, appellee.

Moss & Moss, of Winnfield, attorneys for intervener, appellant.

WEBB, J.  In this suit, plaintiff, R. E. Ganey, asserting that defendant, Oran Cockerham, was indebted to him, and that he had a pledge on an automobile to secure the payment of the indebtedness, sought to obtain judgment against defendant, with recognition of a privilege on the automobile, which was seized under a writ of attachment.

Defendant denied that he was indebted to plaintiff, or that he had given the auto-

mobile in pledge, and H. J. Cockerham, father of plaintiff, intervened in the suit, asserting that the automobile had been purchased by him and his son, and that the latter had transferred to him all his right, title, and interest in the automobile, and, joining the defendant, he alleged that the automobile had not been pledged to plaintiff, and that, if the automobile had been given in pledge to plaintiff, it was invalid, for the reason that defendant was not the sole owner of the property, and, further that the pledge was not in writing, and was without effect as to intervener, and he prayed that he be recognized as the owner of the automobile.

In answer to the intervention, plaintiff denied that intervener was the owner of the property, and alleged that the transfer from defendant to intervener was a fraudulent simulation, and made for the purpose of defeating plaintiff's pledge on the property.

On trial, judgment was rendered in favor of plaintiff against defendant for the amount claimed, with recognition of a privilege on the automobile, and rejecting intervener's demands, and defendant and intervener appeal.

There was not any contest as to the indebtedness claimed by plaintiff against defendant, and, while the evidence is not definite as to what was said at the time the automobile is claimed to have been pledged by defendant to plaintiff, it was shown that defendant had been charged with committing a misdemeanor, and tried, found guilty, and sentenced to pay a fine and to serve a period of 30 days in jail, and that the indebtedness due plaintiff was for a loan made to defendant to enable him to pay the fine, and that, at the time the loan was made, defendant offered to give plaintiff a mortgage on the automobile to secure the payment of the loan. Plaintiff testified that thereafter the automobile had been pledged to him and possession of the property delivered to him, and, while defendant claimed that there had not been any agreement of pledge, and that possession of the property had not been given plaintiff, the evidence shows that the automobile had been left on plaintiff's premises, and that it had been used by plaintiff and his family, and, the trial court before whom the parties appeared having found that defendant had pledged the automobile to plaintiff, we cannot say that the finding was manifestly erroneous; and as between defendant and plaintiff, the latter had a privilege on the property to secure the payment of the indebtedness, although the agreement of pledge was not in writing (Matthews, Finley & Co. vs. Rutherford, 7 La. Ann. 225), and we consider the question as to whether or not the privilege was effective as to the intervener.

Intervener contends that it was not effective, for the reason that defendant was not the sole owner of the property, and was without right to give it in pledge to plaintiff, and, further, that, if defendant was the owner of the property at the time of the pledge, plaintiff had permitted defendant to have possession of the property, and that defendant had transferred it to him.

The evidence shows that the automobile was purchased by defendant from the Welch Motor Company, a part of the price being paid at the time, and that defendant gave a note for the balance, and granted a mortgage on the automobile to secure the payment of the note; and, although defendant and intervener state that intervener furnished the greater part of the funds used in making the down payment, and

that he also furnished the funds with which the note was paid, such circumstances did not have the legal effect of vesting any right of ownership in intervener, and, in the absence of any evidence of any agreement between defendant and intervener recognizing the latter as having any right of ownership in the automobile prior to the date of the pledge, we are of the opinion that defendant was the owner of the automobile at the time of the pledge, and had the right to pledge the property to plaintiff; and the remaining question is as to the effect of the subsequent act of transfer of the property made by defendant to intervener.

The evidence established that, subsequent to the date of the pledge, defendant had signed a written act of transfer of the property to intervener. It is admitted, however, that intervener did not pay defendant any money at the time the act of transfer was passed; it being stated that the consideration expressed in the act was for an indebtedness due by defendant to intervener. The evidence further shows that defendant was unwilling to serve the sentence of 30 days, and, in order to avoid serving the sentence, he fled, taking the automobile with him, over the protest of plaintiff, who immediately took action to protect himself by filing the present suit; that, soon after defendant left, intervener, who lived with defendant and his family, was informed that the sheriff was trying to locate defendant and the automobile, and that intervener followed defendant to the place to which defendant had fled, where the act of transfer was passed, and shortly thereafter defendant and intervener returned to their home, where the automobile was seized by the sheriff.

It is difficult, if not impossible, to establish by direct evidence that a transfer which may have had a valid cause was a simulation, or that it was made with the object of defeating the rights of the transferor's creditors, and resort must usually be had to the circumstances, that is, the relationship of the parties, the transferee's knowledge of the transferor's affairs, the conditions preceding and surrounding the transaction, and the consideration received by the transferee; and in the present instance every circumstance is unfavorable to the intervener, and we are of the opinion that the circumstances established that the transaction was a fraudulent simulation, and did not vest any right in intervener to question the form or effect of the pledge made by defendant to plaintiff.

The judgment is therefore affirmed.